UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DOUBLE DOWN INTERACTIVE, LLC,<br><br>Defendant. | Case. No.: 18-cv-01514<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

For its Complaint for Declaratory Relief, Plaintiff Navigators Specialty Insurance Company ("Navigators"), by and through its attorneys, Cozen O'Connor, alleges as follows:

**INTRODUCTION**

1. Plaintiff Navigators brings this action against Defendant Double Down Interactive, LLC ("Double Down") for a declaration that the Directors & Officers Liability Policies issued by Navigators to Double Down do not provide coverage for an underlying class-action lawsuit filed against Double Down by Adrienne Benson (the "Underlying Action"), and that Navigators therefore has no duty to defend or to indemnify Double Down in that lawsuit.

2. Navigators issued SmartPolicy No. CH17DOL331672IC (the "2017-2018

COMPLAINT FOR DECLARATORY RELIEF - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

Policy") to Double Down for the Policy Period from June 1, 2017 to June 1, 2018. The 2017-2018 Policy has a $5,000,000 maximum aggregate limit of liability for all Loss under the Directors and Officers Liability Coverage Part. A copy of the 2017-2018 Policy is annexed hereto as **Exhibit A**.

3. The 2017-2018 Policy contains a Prior Acts Exclusion that bars coverage for any payment of Loss, including any Costs of Defense, in connection with any Claim made against any Insured "based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving any Wrongful Acts or Related Wrongful Acts where all or any such acts were committed, attempted or allegedly committed or attempted prior to June 1, 2017."

4. Navigators also issued SmartPolicy No. CH17DOL331675IC (the "Runoff Policy") (together with the 2017-2018 Policy, the "Navigators Policies") to Double Down for the Policy Period from June 1, 2017 to June 1, 2023. The Runoff Policy has a $5,000,000 maximum aggregate limit of liability for all Loss under the Directors and Officers Liability Coverage Part. A copy of the Runoff Policy is annexed hereto as **Exhibit B**.

5. The Run-Off Policy provides that Navigators "shall not be liable for Loss in connection with any Claim for, based upon, arising from, or in any way related to any Wrongful Act committed or allegedly committed on or after June 1, 2017."

6. In the Underlying Action pending in this Court, Adrienne Benson, individually and on behalf of all others similarly situated, seeks to impose liability on Double Down and co-defendant International Game Technology ("IGT") in connection with their providing of

COMPLAINT FOR DECLARATORY RELIEF - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

allegedly illegal online casino games and to enjoin their operation of such games. A copy of the Complaint filed in the Underlying Action is annexed hereto as **Exhibit C**.

7. After the Underlying Action was filed, Double Down reported it to Navigators and sought coverage under the Navigators Policies.

8. Because the Underlying Action involves Wrongful Acts allegedly committed in 2016, if not as early as 2013, the Prior Acts Exclusion bars coverage under the 2017-2018 Policy.

9. Double Down also had previously been named a defendant in a lawsuit filed by Margo Phillips in the United States District Court for the Northern District of Illinois (the "Phillips Action"). A copy of the First Amended Class Action Complaint filed in the Phillips Action is annexed hereto as **Exhibit D**.

10. The Runoff Policy only provides coverage for Claims that are "first made" during the Runoff Policy Period.

11. The Runoff Policy provides that "[a]ll Claims involving the same Wrongful Act or Related Wrongful Acts of one or more Insureds will be considered a single Claim, and will be deemed to have been made on the earlier of the following dates: (1) the earliest date on which any such Claim was first made; or (2) the earliest date on which any such Wrongful Act or Related Wrongful Act was reported under this [Runoff Policy] or any other policy providing similar coverage."

12. The Underlying Action alleges the same Wrongful Acts and/or logically or causally connected Wrongful Acts as were alleged in the Phillips Action. Therefore, pursuant to the Interrelationship of Claims Condition of the Runoff Policy, the Underlying Action is deemed

COMPLAINT FOR DECLARATORY RELIEF - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

a Claim that was first made in 2015, at the time the Phillips Action was first made, and not during the Runoff Policy Period.

13. Even if the Underlying Action were deemed "first made" during the Runoff Policy Period, which is expressly denied, the Runoff Policy provides, as noted above, that Navigators "shall not be liable for Loss in connection with any Claim for, based upon, arising from, or in any way related to any Wrongful Act committed or allegedly committed on or after June 1, 2017."

14. Because the allegations in the Underlying Action involve Wrongful Acts allegedly committed on or after June 1, 2017, the aforementioned provision bars coverage for the Underlying Action under the Runoff Policy.

15. In addition, the Runoff Policy contains a Professional Services Exclusion that bars coverage for any payment of Loss, including any Costs of Defense, in connection with any Claim made against any Insured "based upon, arising out of, relating to, directly or indirectly resulting from, or in any way involving the performance by any Insured of professional services for others for a fee or other compensation or remuneration."

16. Because the allegations in the Underlying Action are based upon, arise out of, relate to, and involve the performance by Double Down of professional services for others for a fee, the Professional Services Exclusion bars coverage under the Runoff Policy.

17. Finally, the Runoff Policy defines Loss to mean "compensatory damages, punitive or exemplary damages, the multiple portion of any multiplied damage award, settlements and Costs of Defense; provided, however, that Loss will not include … criminal or civil fines or penalties imposed by law, taxes, or any matter which may be deemed uninsurable

COMPLAINT FOR DECLARATORY RELIEF - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

under the law pursuant to which this [Runoff Policy] shall be construed."

18.     The Underlying Action seeks, among other things, injunctive and declaratory relief, restitution and disgorgement, and treble damages. Accordingly, to the extent such relief and/or damages do not constitute Loss under the Runoff Policy, there is no coverage available for any award for such relief and/or damages.

19.     Based on the above-mentioned provisions of the Navigators Policies, Navigators is entitled to a declaration that there is no coverage for the Underlying Action and no duty to defend or to indemnify Double Down under the Navigators Policies.

## THE PARTIES

20.     Plaintiff Navigators is a corporation organized and existing under the laws of the State of New York, and Navigators has its principal place of business in New York, New York.

21.     Defendant Double Down is a limited liability company organized and existing under the laws of the State of Washington, and Double Down has its principal place of business in Seattle, Washington.

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is more than $75,000.

23.     The Court also has subject matter jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

24.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(a), as Double Down transacts business and maintains its principal place of business in this district, a substantial part

COMPLAINT FOR DECLARATORY RELIEF - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

of the events or omissions giving rise to this suit occurred in this district, and the Navigators Policies at issue were delivered to Double Down in this district.

## FACTUAL ALLEGATIONS

**A.     The Navigators Policies**

25. The 2017-2018 Policy is a "claims made" D&O policy issued to Double Down for the policy period June 1, 2017 to June 1, 2018. *See* Ex. A.

26. The 2017-2018 Policy contains a Prior Acts Exclusion in Endorsement No. 5 that bars coverage for any payment of Loss, including any Costs of Defense, in connection with any Claim made against any Insured "based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving any Wrongful Acts or Related Wrongful Acts where all or any such acts were committed, attempted or allegedly committed or attempted prior to June 1, 2017." *See* Ex. A, Endorsement No 5.

27. The Runoff Policy also is a "claims made" D&O policy issued to Double Down for the policy period June 1, 2017 to June 1, 2023. *See* Ex. B. The Runoff Policy affords coverage only for Claims that are first made during the policy period.

28. The Runoff Policy provides that Navigators "shall not be liable for Loss in connection with any Claim for, based upon, arising from, or in any way related to any Wrongful Act committed or allegedly committed on or after June 1, 2017." *Id.*, Endorsement No. 5.

29. The Runoff Policy contains an Interrelationship of Claims Condition that states:

> All Claims involving the same Wrongful Act or Related Wrongful Acts of one or more Insureds will be considered a single Claim, and will be deemed to have been made on the earlier of the following dates: (1) the earliest date on which any such Claim was first made; or (2) the earliest date on which any such Wrongful Act or Related Wrongful Act was

COMPLAINT FOR DECLARATORY RELIEF - 6

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

reported under this [Runoff Policy] or any other policy providing similar coverage.

*See* Ex. B, General Terms and Conditions, § VIII.B.

30. The Runoff Policy defines "Wrongful Act" to mean, in relevant part, "any actual or alleged act, omission, error, misstatement, misleading statement, neglect or breach of duty by the Company." *See* Ex. B, D&O Coverage Part, § II.J.4.

31. The Runoff Policy defines "Related Wrongful Act" to mean "Wrongful Acts which are logically or causally connected by reason of any common fact, circumstance, situation, transaction, event or decision." *See* Ex. B, General Terms and Conditions, § II.M.

32. The Runoff Policy also contains a Professional Services Exclusion that bars coverage for any payment of Loss, including any Costs of Defense, in connection with any Claim made against any Insured "based upon, arising out of, relating to, directly or indirectly resulting from, or in any way involving the performance by any Insured of professional services for others for a fee or other compensation or remuneration…" *See* Ex. B, D&O Coverage Part, § III.A.11.

33. The Runoff Policy defines Loss, in relevant part, to mean "compensatory damages, punitive or exemplary damages, the multiple portion of any multiplied damage award, settlements and Costs of Defense; provided, however, that Loss will not include … criminal or civil fines or penalties imposed by law, taxes, or any matter which may be deemed uninsurable under the law pursuant to which this [Runoff Policy] shall be construed." *See* Ex. B, General Terms and Conditions, § II.J.

**B.     The Phillips Action**

34. Nearly three (3) years prior to the filing of the Underlying Action against Double Down, Double Down was named a defendant in a lawsuit filed by Margo Phillips in the United

COMPLAINT FOR DECLARATORY RELIEF - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

States District Court for the Northern District of Illinois, entitled *Margo Phillips, individually and on behalf of all others similarly situated v. Double Down Interactive, LLC*, Case No. 1:15-cv-04301. *See* Ex. D.

35. The Phillips Action alleged that Double Down unlawfully operated a virtual casino under the name "Double Down Casino," and that Double Down would provide a bundle of free chips to first-time online visitors of its Double Down Casino that could be used to wager on its online games. *See* Ex. D, ¶¶ 1-2. After consumers lost their initial chips, the Phillips Action further alleged that Double Down would attempt to sell them additional chips for use at unlawful games of chance. *Id.*, ¶¶ 1-2, 4.

36. By operating its virtual casino, the Phillips Action claimed that Double Down had illegally profited from thousands of consumers. Accordingly, Plaintiffs in the Phillips Action sought to enjoin Double Down's operation of allegedly unlawful gambling devices and to recover their gambling losses. *See* Ex. D, ¶¶ 4.

37. Specifically, the Phillips Action asserted that Double Down's games depend entirely on chance (¶ 30); that, in or around January 2013, Plaintiff Phillips began playing Double Down Casino through her Facebook account (¶ 38); that, after Plaintiff Phillips lost her initial allocation of free chips, she began purchasing chips from Double Down Casino (*id.*); and that, from January 2013 through April 2015, Plaintiff Phillips wagered and lost (and Double Down won) over $1,000 (¶ 39).

38. The Phillips Action further asserted that Double Down wrongfully exploited consumers such as Plaintiff Phillips through its in-game purchase strategy (¶ 11), unlawfully and deceptively disguised games of chance as innocuous videogames (¶¶ 23, 78), and misleadingly

COMPLAINT FOR DECLARATORY RELIEF - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

induced consumers to bet on its games by lowering the perceived cost of chips while simultaneously maximizing the value of potential awards (¶ 27).

39. Based on the foregoing, Plaintiff Phillips alleged that the Double Down Casino was an illegal gambling device (¶¶ 49-59); that Double Down's practices (including its operation of the Double Down Casino and inducement of consumers to purchase chips for use at unlawful games of chance) violated the Illinois Consumer Fraud and Deceptive Business Practices Act and offended public policy against unlawful and unregulated gambling (¶¶ 72-81); that Double Down had been unjustly enriched by its unlawful operation of casino games and should be required to provide disgorgement and restitution of those ill-gotten profits (¶¶ 84-87); and that Double Down should be enjoined from further operating the Double Down Casino to protect the interests of Plaintiff Phillips and the members of the Class.

**C.     The Underlying Action**

40. On April 9, 2018, Plaintiff Adrienne Benson filed the Underlying Action in this Court, entitled *Adrienne Benson, individually and on behalf of all others similarly situated v. Double Down Interactive, LLC and International Game Technology*, Case No. 2:18-cv-00525. *See* Ex. C.

41. The Underlying Action alleges that Double Down operates an illegal virtual casino under the name "Double Down Casino," and that Double Down provides a bundle of free chips to first-time online visitors of its Double Down Casino that can be used to wager on its online games. *See* Ex. C, ¶¶ 1-3. After consumers lose their initial chips, the Underlying Action further alleges that Double Down attempts to sell them additional chips for use at unlawful games of chance. *Id.*, ¶ 4-5.

COMPLAINT FOR DECLARATORY RELIEF - 9

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

42. By operating its virtual casino, the Underlying Action claims that Double Down has illegally profited from thousands of consumers. Accordingly, Plaintiffs in the Underlying Action seek to enjoin Double Down's operation of allegedly unlawful gambling devices and to recover their gambling losses. *See* Ex. C, ¶¶ 4.

43. Specifically, the Underlying Action asserts that Double Down's games depend entirely on chance (¶ 24); that, since 2013, Plaintiff Benson has been playing Double Down Casino through her Facebook account (¶ 32); that, after Plaintiff Benson lost her initial allocation of free chips, she began purchasing chips from Double Down Casino (*id.*); and that, since 2016, Plaintiff Benson wagered and lost (and Double Down won) over $1,000 (¶ 33).

44. The Underlying Action further asserts that Double Down wrongfully exploited consumers such as Plaintiff Benson through its in-game purchase strategy (¶ 14), unlawfully and deceptively disguised games of chance as innocuous videogames (¶¶ 24, 66), and misleadingly induced consumers to bet on its games by lowering the perceived cost of chips while simultaneously maximizing the value of potential awards (¶ 28).

45. Based on the foregoing, Plaintiff Benson alleges that the Double Down Casino is an illegal gambling device (¶¶ 47-55); that Double Down's practices (including its operation of the Double Down Casino and inducement of consumers to play its unlawful games) are unfair or deceptive and violate the Washington Consumer Protection Act (¶¶ 61-66); that Double Down has been unjustly enriched by its unlawful operation of casino games and should be required to provide disgorgement and restitution of those ill-gotten profits (¶¶ 69-72); and that Double Down should be enjoined from further operating the Double Down Casino to protect the interests of Plaintiff Benson and the members of the Class.

COMPLAINT FOR DECLARATORY RELIEF - 10

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

### D. Navigators' Coverage Position

46. Double Down notified Navigators of the Underlying Action.

47. By letter dated June 26, 2018, Navigators informed Double Down that there was no coverage for the Underlying Action under the 2017-2018 Policy because the Prior Acts Exclusion applied. A copy of Navigators' June 26, 2018 letter is annexed hereto as **Exhibit E**.

48. By separate letter dated June 26, 2018, Navigators acknowledged the Underlying Action as a Claim under the Runoff Policy, agreed to provide a defense, but informed Double Down that it reserved its rights to deny coverage for the Underlying Action based on, among other things, the definition of Loss, the above-referenced provision of the Run-Off Endorsement, and the Interrelationship of Claims Condition based on the relationship to the Phillips Action. A copy of Navigators' June 26, 2018 letter is annexed hereto as **Exhibit F**.

49. In addition, by letter dated July 18, 2018, Navigators supplemented its coverage position under the Runoff Policy and informed Double Down that it believes that the Underlying Action is related to the Phillips Action and, therefore, that other insurance may apply. Navigators also reserved its rights to deny coverage for the Underlying Action under the Runoff Policy's Professional Services Exclusion. A copy of Navigators' July 18, 2018 letter is annexed hereto as **Exhibit G**.

50. An actual and justiciable controversy exists between Navigators and Double Down with respect to the meaning of the Navigators Policies and the parties' rights, duties and obligations thereunder.

COMPLAINT FOR DECLARATORY RELIEF - 11

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

**FIRST CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT**
**(PRIOR ACTS EXCLUSION – THE 2017-2018 POLICY)**

51. Navigators incorporates by reference the allegations of each of the preceding paragraphs as though fully set forth herein.

52. The 2017-2018 Policy contains a Prior Acts Exclusion in Endorsement No. 5 that bars coverage for any payment of Loss, including any Costs of Defense, in connection with any Claim made against any Insured "based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving any Wrongful Acts or Related Wrongful Acts where all or any such acts were committed, attempted or allegedly committed or attempted prior to June 1, 2017." *See* Ex. A, Endorsement No 5.

53. Because the Underlying Action involves Wrongful Acts allegedly committed in 2016, if not as early as 2013, the Prior Acts Exclusion applies to preclude coverage under the 2017-2018 Policy.

54. Accordingly, Navigators is entitled to a judicial declaration that the 2017-2018 Policy does not provide coverage to Double Down for the Underlying Action, and, therefore, there is no duty to defend or to indemnify Double Down.

**SECOND CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT**
**(CLAIMS-MADE INSURING AGREEMENT – THE RUNOFF POLICY)**

55. Navigators incorporates by reference the allegations of each of the preceding paragraphs as though fully set forth herein.

56. The Runoff Policy only provides coverage for Claims that are "first made" during the Runoff Policy Period.

COMPLAINT FOR DECLARATORY RELIEF - 12

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

57. A Claim can only be "first made" one time.

58. The Interrelationship of Claims Condition in the Runoff Policy states:

> All Claims involving the same Wrongful Act or Related Wrongful Acts of one or more Insureds will be considered a single Claim, and will be deemed to have been made on the earlier of the following dates: (1) the earliest date on which any such Claim was first made; or (2) the earliest date on which any such Wrongful Act or Related Wrongful Act was reported under this [Runoff Policy] or any other policy providing similar coverage.

*See* Ex. B, General Terms and Conditions, § VIII.B.

59. The Underlying Action alleges the same Wrongful Acts and/or logically or causally connected Wrongful Acts as were alleged in the Phillips Action.

60. Pursuant to the Interrelationship of Claims Condition of the Runoff Policy, the Underlying Action is deemed a Claim that was first made in 2015, at the time the Phillips Action was first made, and not during the Runoff Policy Period.

61. The Underlying Action, therefore, is not a Claim "first made" during the Runoff Policy Period, and the Runoff Policy does not provide coverage.

62. Accordingly, Navigators is entitled to a judicial declaration that the Runoff Policy does not provide coverage to Double Down for the Underlying Action, and, therefore, there is no duty to defend or to indemnify Double Down.

### THIRD CLAIM FOR RELIEF
### DECLARATORY JUDGMENT
### (RUN-OFF ENDORSEMENT – THE RUNOFF POLICY)

63. Navigators incorporates by reference the allegations of each of the preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF - 13

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

64. Even if the Underlying Action were deemed "first made" during the Runoff Policy Period, which is expressly denied, the Runoff Policy provides that Navigators "shall not be liable for Loss in connection with any Claim for, based upon, arising from, or in any way related to any Wrongful Act committed or allegedly committed on or after June 1, 2017."

65. The Underlying Action alleges that Double Down has operated its video casino in violation of Washington anti-gambling and consumer protection statutes at least until the filing of the Complaint on April 9, 2018.  The Underlying Action is brought on behalf of a putative class of all persons in the State of Washington who purchased and lost chips in the Double Down Casino, but contains no end date for the class period.  (See Ex. C, ¶ 33).  The Underlying Action also seeks an injunction enjoining the defendants *from continuing* the challenged conduct."  Id., Prayer for Relief (Emphasis added).

66. Because the allegations in the Underlying Action involve Wrongful Acts allegedly committed on or after June 1, 2017, the aforementioned provision bars coverage for the Underlying Action under the Runoff Policy.

67. Accordingly, Navigators is entitled to a judicial declaration that the Runoff Policy does not provide coverage to Double Down for the Underlying Action, and, therefore, there is no duty to defend or to indemnify Double Down.

**FOURTH CLAIM FOR RELIEF
DECLARATORY JUDGMENT
(PROFESSIONAL SERVICES EXCLUSION – THE RUNOFF POLICY)**

68. Navigators incorporates by reference the allegations of each of the preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF - 14

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

69. Even if the Underlying Action were deemed "first made" during the Runoff Policy Period, which is expressly denied, the Runoff Policy contains a Professional Services Exclusion that bars coverage for any payment of Loss, including any Costs of Defense, in connection with any Claim made against any Insured "based upon, arising out of, relating to, directly or indirectly resulting from, or in any way involving the performance by any Insured of professional services for others for a fee or other compensation or remuneration."

70. The Underlying Action alleges that Double Down operated its video casino in violation of Washington anti-gambling statutes and derived fees, compensation, and/or remuneration from members of the public that played its casino games.

71. Because the allegations in the Underlying Action are based upon, arise out of, relate to, and involve the performance by Double Down of professional services for others for a fee, the Professional Services Exclusion bars coverage under the Runoff Policy.

72. Accordingly, Navigators is entitled to a judicial declaration that the Runoff Policy does not provide coverage to Double Down for the Underlying Action, and, therefore, there is no duty to defend or to indemnify Double Down.

**FIFTH CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT IN THE ALTERNATIVE**
**(DEFINITION OF LOSS – THE RUNOFF POLICY)**

73. Navigators incorporates by reference the allegations of each of the preceding paragraphs as though fully set forth herein.

74. Even if the Underlying Action were deemed "first made" during the Runoff Policy Period and none of the above-referenced exclusions and/or conditions applied, which is expressly denied, the Runoff Policy defines Loss to mean "compensatory damages, punitive or

COMPLAINT FOR DECLARATORY RELIEF - 15

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

exemplary damages, the multiple portion of any multiplied damage award, settlements and Costs of Defense; provided, however, that Loss will not include … criminal or civil fines or penalties imposed by law, taxes, or any matter which may be deemed uninsurable under the law pursuant to which this [Runoff Policy] shall be construed."

75. The Underlying Action seeks, among other things, injunctive and declaratory relief, restitution and disgorgement, and treble damages.

76. Accordingly, Navigators is entitled to a judicial declaration that the Runoff Policy does not provide coverage for any award for such relief and/or damages that do not constitute Loss under the Runoff Policy.

**PRAYER FOR RELIEF**

WHEREFORE, Navigators prays that judgment be entered in this action as follows:

1. Declaring that the 2017-2018 Policy does not provide coverage to Double Down for the Underlying Action because the Prior Acts Exclusion applies; and

2. Declaring that Navigators does not have any duty to defend Double Down in the Underlying Action under the 2017-2018 policy; and

3. Declaring that the Runoff Policy does not provide coverage to Double Down for the Underlying Action because the Underlying Action is not a Claim "first made" during the Runoff Policy Period; and

4. Declaring that the Runoff Policy does not provide coverage to Double Down for the Underlying Action because the Run-Off Endorsement applies; and

5. Declaring that the Runoff Policy does not provide coverage to Double Down for the Underlying Action because the Professional Services Exclusion applies; and

COMPLAINT FOR DECLARATORY RELIEF - 16

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

6. Declaring, in the alternative, that the Runoff Policy does not provide coverage for injunctive and declaratory relief, restitution and disgorgement, and/or treble damages because such relief does not constitute Loss under the Runoff Policy; and

7. Declaring that Navigators does not have any duty to defend Double Down in the Underlying Action under the Run-Off Policy; and

8. Awarding Navigators such other and further relief as the Court deems just and proper.

DATED this 16th day of October, 2018.

COZEN O'CONNOR

By: /s/ Jonathan Toren
Jonathan Toren, WSBA No. 46896
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783
E-mail: jtoren@cozen.com

*Attorneys for Plaintiff Navigators Specialty Insurance Company*

COMPLAINT FOR DECLARATORY RELIEF - 17

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\37285540\2

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 16th day of October, 2018.

COZEN O'CONNOR


By: /s/ Bonnie L. Buckner
Bonnie L. Buckner, Legal Secretary
999 Third Avenue, Suite 1900
Seattle, WA  98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783
Email:  bbuckner@cozen.com

LEGAL\37285540\2

COMPLAINT FOR DECLARATORY RELIEF - 18

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000